## SEWALL FLINT *vs.* ESTHER BODGE & another.

A judgment in favor of the indorsee against the maker of a negotiable promissory note payable on demand, is conclusive evidence that the maker was indebted upon the same, to the amount of the judgment; and he cannot thereafter, in his capacity of administrator of the estate of the payee, maintain an action against the indorsee to recover the value thereof, on the ground that he was a creditor of the payee, and that the transfer by the payee to the indorsee was fraudulent and void as against him, if there were no other creditors of the payee.

TORT, brought by the administrator of the estate of his mother Sarah Flint, for the conversion of a witnessed promissory note of $381, signed by the plaintiff, dated April 28, 1836, payable to the intestate or order on demand with interest, and indorsed by her in November 1855 to Sarah Flint and Esther Bodge.

At the trial in the superior court, before *Ames,* J., without a jury, it appeared that in November 1855 the intestate indorsed the note to the defendants, who were her daughters, and who, after her death, brought an action upon it against the plaintiff, who defended on the ground that he had overpaid the amount of it in board, services, &c., to the payee, and that the indorsement was procured by his two sisters by fraud. A verdict was rendered in that action against the present plaintiff, for the full amount of the note, and the jury found specially that the transfer to the present defendants was not invalid by reason of the insolvency of the payee's estate, and that the note had not been paid by the present plaintiff. Exceptions taken to the rulings of the judge were overruled at January term 1863. *Flint* v. *Flint,* 6 Allen, 34.

In February 1862 the plaintiff was appointed administrator of his mother's estate; in January 1863 he filed a representation that the estate was insolvent, and commissioners were appointed, who allowed a large claim in favor of the plaintiff, for board, services, &c., and one other small claim which was proved at this trial to have been then barred by the statute of limitations. There was no other creditor of her estate, and only a very small amount of property.

The judge ruled, on the above facts, that the transfer of the note in November 1855, by the mother to her two daughters, although a gift and upon no pecuniary consideration, was valid, and effectual to pass the title therein, as against herself, and also against her legal representative; that the plaintiff, in order to impeach said transfer as being void as against creditors, must show that at the time of said transfer she was insolvent or embarrassed with debt, or at least that she had creditors for whose payment the proceeds of said note, in whole or in part, would or might be required; that the record and verdict and judgment in the former trial, and the special findings of the jury, had conclusively settled the fact that this plaintiff at the time of the transfer of the note had no claim against the deceased as a creditor, and that the note was the property of the female defendants, subject to no claim or deduction in favor of this plaintiff.

The judge accordingly found for the defendants; **and the plaintiff** alleged exceptions.

*A. V. Lynde,* for the plaintiff.

*C. P. Judd,* for the defendants.

DEWEY, J. The right of the defendants to hold the promissory note, the subject of the present controversy, as their property, and to enforce the payment thereof against the maker, was fully settled in the former action between those parties. That judgment is a bar to the present attempt to avoid the transfer of the note, by the alleged indebtedness of the payee to the maker on demands existing prior to the transfer of the note. It was competent in that action for Sewall Flint to avail himself of all payments on the note, and also all equitable set-offs which he might have against the payee, existing prior to the time of the transfer of the note. The judgment in that case has established, so far as respects any indebtedness on the part of the payee to the maker, that the note was not subject to any equitable set-off, and that the transfer was not inoperative by reason of the existence of such indebtedness. The rulings of the court were correct upon the questions of law raised in the case.

*Exceptions overruled.*